IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FROILAN ROSADO,  )
       Plaintiff,  )
       )   Case No. 13 C 5594
   v.  )
       )   Judge Amy St. Eve
CHICAGO TRANSIT AUTHORITY,  )
       )
       Defendant.  )

## ORDER

The Court grants Defendant's motion to dismiss pro se Plaintiff's Complaint without prejudice [16]. The Court grants Plaintiff leave to file an Amended Complaint and Plaintiff's motion for attorney representation [4]. The Court recruits Richard John Leamy , Jr. of Wiedner and McAuliffe, Ltd., One North Franklin, Suite 1900, Chicago, IL 60606, (312) 855-1105 Email: rjleamy@wmlaw.com , to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules. Status hearing set for 3/13/14 is stricken and reset to 2/5/14 at 1:00 p.m. New counsel should be present at the next status hearing. The Clerk's Office is directed to mail a copy of this order to plaintiff.

## STATEMENT

On August 6, 2013, pro se Plaintiff Froilan Rosado filed a Complaint against his former employer Defendant Chicago Transit Authority ("CTA") for race discrimination and retaliation pursuant to 42 U.S.C. § 1981. Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion without prejudice. The Court also grants Plaintiff leave to file an Amended Complaint and Plaintiff's motion for attorney representation.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

Construing pro se Plaintiff's Complaint liberally, *see Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013), Plaintiff alleges that he worked at the CTA Howard Street terminal where he was the only Puerto Rican person on the crew. He further alleges that Defendant continually denied him overtime even though he was the most senior person on his crew. Also, Plaintiff asserts that Defendant disciplined him for the same conduct as his non-Puerto Rican co-workers who were not disciplined. Plaintiff alleges that he complained to his foreman about being treated differently, and that thereafter, Defendant terminated his employment in retaliation of his complaint. Read liberally, Plaintiff also contends that the given reason for his termination, namely, his unauthorized possession of certain keys, is pretext for discrimination. Plaintiff brings his discrimination and retaliation claims pursuant to 42 U.S.C. § 1981.

## ANALYSIS

First, Defendant argues that Rosado's discrimination and retaliation claims based on national origin are not actionable under Section 1981. Defendant's argument is misplaced because Rosado brings this lawsuit based on being a member of a racial minority, namely, Puerto Rican. As the Seventh Circuit teaches:

> Although national origin discrimination is not expressly prohibited under section 1981, the Supreme Court has defined the term "race" in section 1981 broadly to include identifiable classes of persons subjected to intentional discrimination on the basis of their ancestry or ethnic characteristics. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 756 (7th Cir. 2006) (citing *Saint Francis Coll. v. Al-Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)); *see Von Zuckerstein v. Argonne Nat'l Lab.,* 984 F.2d 1467, 1472 (7th Cir. 1993) (citing *Lopez v. S.B. Thomas, Inc.,* 831 F.2d 1184, 1188 (2d Cir. 1987) (section 1981 protection extended to employee of Puerto Rican descent who alleged national origin discrimination)).

*Ptasznik v. St. Joseph Hosp.,* 464 F.3d 691, 695 n.4 (7th Cir. 2006). Accordingly, Rosado has stated a claim under Section 1981 because he alleges that Defendant discriminated against him because he is Puerto Rican. *See Shamim v. Siemens Indus. Inc.*, 854 F.Supp.2d 496, 508 (N.D. Ill. 2012) ("To state a claim of discrimination under Section 1981, a plaintiff must allege, inter alia, that he is a member of a racial minority."). Nevertheless, Rosado's pro se allegations do not provide sufficient factual matter to put Defendant on notice of his claims because he fails to identify the individual supervisors or other CTA employees and their specific conduct upon which he bases his discrimination and retaliation claims. *See Twombly,* 550 U.S. at 555. The Court therefore grants Rosado leave to file an Amended Complaint to provide more facts

supporting his Section 1981 discrimination and retaliation claims.

Next, Defendant moves to dismiss Rosado's pro se Complaint because he has not sufficiently alleged municipal liability. To clarify, because a plaintiff cannot premise a Section 1981 claim on respondeat superior, Rosado must allege that Defendant's conduct was pursuant to a custom or policy under *Monell v. New York Dep't of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736-37, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Put differently, Section 1981 "requires a plaintiff to demonstrate an official policy or custom in order to allow for municipal liability." *Alexander v. City of Milwaukee*, 474 F.3d 437, 448 (7th Cir. 2007).

Indeed, Rosado's pro se Complaint does not contain allegations that his termination and retaliation were the result of a widespread custom, practice, or policy. The Court, however, grants Rosado leave to file an Amended Complaint to include any such allegations. Further, the Court notes that Section 1981 — unlike Title VII — permits lawsuits against individual agents of an employer, and thus *Monell* allegations may not be necessary in the Amended Complaint. *See Johnson v. General Bd. of Pension & Health Benefits of United Methodist Church,* 733 F.3d 722, 727 (7th Cir. 2013); *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012).

On a final note, Rosado checked the box on the employment discrimination complaint form seeking punitive damages, among other remedies. Because the CTA is considered a municipal corporation, Rosado cannot seek punitive damages against it. *See Minix v. Canarecci,* 597 F.3d 824, 830 (7th Cir. 2010); *Planned Parenthood Ass'n/Chicago Area v. Chicago Transit Authority,* 767 F.2d 1225, 1233-34 (7th Cir. 1985).

**Dated:** January 22, 2014

**AMY J. STUEVE**
**United States District Court Judge**