IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROILAN ROSADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13 C 5594 |
| v. | ) |
| | ) Judge Amy St. Eve |
| CHICAGO TRANSIT AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court grants Defendant Chicago Transit Authority's motion to dismiss without prejudice [35] and grants Plaintiff leave to file a Second Amended Complaint on or before 8/25/14, in accordance with this Order. Status hearing set for 8/18/14 is stricken and reset to 8/28/14 at 8:30 a.m.

## STATEMENT

On March 19, 2014, Plaintiff Froilan Rosado filed a four-count First Amended Complaint[1] against his former employer Defendant Chicago Transit Authority ("CTA") and certain individual Defendants for employment discrimination and retaliation pursuant to 42 U.S.C. § 1981, as well as a state law claim for retaliatory discharge. Before the Court is the CTA's motion to dismiss Counts I, II, and IV brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the CTA's motion to dismiss without prejudice and grants Plaintiff leave to file a Second Amended Complaint in accordance with counsel's Rule 11 obligations.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put

---

[1] Plaintiff originally filed this lawsuit pro se. The Court appointed counsel on January 22, 2014.

differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014).

## BACKGROUND

Plaintiff, an Hispanic man of Puerto Rican descent, began working for the CTA in 1997 as a track maintenance crew member. (*Id*. ¶¶ 5, 7.) Plaintiff alleges that from 2011 until the date of his termination on February 14, 2013, the CTA subjected him to a pattern of employment terms and conditions that was less favorable than those that the CTA offered to non-Puerto Rican and non-Hispanic individuals in the same position as Plaintiff. (*Id*. ¶¶ 9, 15.) More specifically, despite being the senior-most member of his crew, Plaintiff maintains that the CTA (1) denied him overtime, (2) assigned him less favorable work, (3) denied him a promotion, and (4) unreasonably disciplined him. (*Id*. ¶ 10.)

Also, Plaintiff alleges that he overheard CTA foremen making derogatory statements about Puerto Ricans. (*Id*. ¶ 11.) He also alleges that he observed other CTA employees discriminate against other Puerto Rican and Hispanic employees, including his father. (*Id.* ¶ 12.) According to Plaintiff, he reported to CTA Coordinator Defendant Scott Brown that he was being treated differently, but Brown took no action. (*Id.* ¶ 13.)

In February 2013, the CTA suspended Plaintiff for five days for allegedly allowing his cousin access to the restroom at the CTA Clark Tower on February 7, 2013. (*Id.* ¶ 14.) Following his suspension, the CTA terminated Plaintiff's employment on February 14, 2013, for alleged misconduct arising out of the February 7, 2013 occurrence. (*Id.* ¶ 15.) Further, Plaintiff alleges on information and belief that other non-Puerto Rican and non-Hispanic CTA employees allowed non-CTA employees access to CTA restrooms, but the CTA did not similarly discipline, suspend, or terminate those employees. (*Id*. ¶ 16.)

## ANALYSIS

### I. Section 1981 Discrimination and Retaliation Claims — Counts I and II

#### A. Municipal Liability

First, the CTA asserts that Plaintiff has failed to sufficiently allege a claim for municipal liability in Counts I and II under the federal pleading standards. To state a claim against the CTA, Plaintiff must frame his claim under the well-established standard set forth in *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed. 611 (1978). *See Belbachir v. County of McHenry,* 726 F.3d 975, 983 (7th Cir. 2013) (a municipality

2

cannot "be liable merely by virtue of the doctrine of respondeat superior"). Plaintiff can demonstrate municipal liability through: (1) an actual official policy; (2) a practice or custom that, although not officially authorized, is widespread and well-established; or (3) a deliberate act from a CTA employee with final policy-making authority. *See Gonzalez v. Village of West Milwaukee,* 671 F.3d 649, 664 (7th Cir. 2012).

Viewing the allegations and all reasonable inferences in Plaintiff's favor, he alleges that he was subjected to a pattern of employment terms and conditions less favorable than non-Puerto Rican or non-Hispanic employees. He further alleges that CTA foremen made derogatory comments about Hispanic and Puerto Rican employees and that he observed discrimination against Puerto Rican and Hispanic employees. In addition, he alleges that the "pattern of the CTA's treatment of Plaintiff and the Puerto Ricans and Hispanics, and the derogatory comments are indicative of a widespread custom and practice by the CTA of discrimination against Puerto Ricans and Hispanics." (First Am. Compl. ¶ 19.)

Here, Plaintiff has failed to "give enough details about the subject-matter of the case to present a story that holds together." *Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013). Although Plaintiff need not allege municipal liability under a heightened pleading standard, he must give a sufficient factual basis raising his right to relief above a speculative level. In particular, Plaintiff has not given any details regarding CTA's custom or policy showing that it is plausibly wide-spread or well-established nor has he specified in sufficient detail the alleged misconduct constituting the custom or practice. In other words, Plaintiff has not alleged enough factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Accordingly, the Court grants the CTA's motion to dismiss Counts I and II without prejudice and also grants Plaintiff leave to file a Second Amended Complaint in accordance with this Order. Moreover, because 42 U.S.C. § 1983 provides the exclusive remedy for violations of § 1981 committed by state actors such as the CTA, Plaintiff must re-allege his claims against the CTA accordingly. *See Campbell v. Forest Preserve Dist. of Cook County, Ill.,* 752 F.3d 665, 667 (7th Cir. 2014); *see also Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 736-37, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

      **B.**    **Race and Retaliation Claims**

Next, the CTA argues that Plaintiff has failed to sufficiently allege his race discrimination and retaliation claims brought pursuant to § 1981. In support of his employment discrimination claim, Plaintiff alleges that the CTA subjected him to employment terms and conditions that were less favorable than those that the CTA offered to non-Puerto Rican and non-Hispanic individuals in the same position as Plaintiff. More specifically, he alleges that despite being the senior-most member of his crew, the CTA denied him overtime, assigned him less favorable work, denied him a promotion, and unreasonably disciplined him. These specific allegations include recognized material adverse employment actions, including a failure to promote claim. *See Adams v. City of Indianapolis,* 742 F.3d 720, 735 (7th Cir. 2014); *James v.*

*Hyatt Regency Chicago,* 707 F.3d 775, 782 (7th Cir. 2013). Indeed, these allegations sufficiently state a plausible employment discrimination claim by highlighting how the CTA changed the terms and conditions of Plaintiff's employment. Although these allegations are sufficient, Plaintiff must re-allege his race discrimination claim against the CTA concerning the CTA's liability, as discussed above.

Plaintiff, however, has failed to sufficiently allege his race retaliation claim against the CTA. Although his internal complaint to Brown may constituted a protected activity, he does not sufficiently link this allegation to what he considers retaliatory conduct based on his race and what actors took any such retaliatory actions. Without more, Plaintiff's race retaliation allegations are insufficient under the federal pleading standards. *See Swanson v. Citibank,* N.A., 614 F.3d 400, 404-05 (7th Cir. 2010) (a plaintiff must include "enough details about the subject-matter of the case to present a story that holds together"). The Court therefore grants the CTA's motion to dismiss in this regard and grants Plaintiff leave to file a Second Amended Complaint in accordance with this Order.

## II.    Retaliatory Discharge Claim — Count IV

Next, the CTA argues that Plaintiff has failed to sufficiently allege his common law retaliatory discharge claim under the federal pleading standards. To establish a retaliatory discharge claim under Illinois law, an employee must eventually demonstrate that (1) the employer discharged the employee; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy. *See Reid v. Neighborhood Assistance Corp. of Am.,* 749 F.3d 581, 586 (7th Cir. 2014).

In his First Amended Complaint, Plaintiff alleges that during his employment with the CTA, he observed his co-workers not performing their designated work assignments and not reporting to their designated work areas in violation of the CTA's and the state's work rules and regulations. (First Am. Compl. ¶ 9.) He further maintains that as a result of this, he was concerned about CTA track safety and the safety to CTA passengers. (*Id.* ¶10.) As such, he brought these safety concerns to the attention of his direct foreman and after no action was taken, he reported these concerns to Brown. (*Id.* ¶ 11.) Also, Plaintiff informed Brown that if he did not take any action, Plaintiff would report his complaint to the appropriate state or local authorities. (*Id.* ¶ 12.) Brown and another CTA employee told Plaintiff that if he took his complaints outside of the CTA, he would be violating the CTA's chain of command and his employment would be terminated. (*Id.* ¶14.) Plaintiff alleges that thereafter the CTA terminated him for behavioral misconduct, but that this reason is pretext for the true reason the CTA terminated his employment, namely, that he reported safety concerns. (*Id.* ¶¶ 15, 16.)

Based on these detailed allegations, Plaintiff sufficiently alleges his common law retaliatory discharge claim rendering his claim plausible. *See Engel,* 710 F.3d at 709 ("The *Twombly/Iqbal* 'plausibility' determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"). Nevertheless, as discussed above, Plaintiff must allege facts allowing a reasonable inference that the CTA is liable for the

alleged misconduct. Therefore, the Court grants Defendants' motion to dismiss Count IV without prejudice and grants Plaintiff leave to amend this claim accordingly.

**Dated:** July 24, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**